United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41083
Conference Calendar
_____

UNITED STATES OF AMERCIA,

                                        Plaintiff-Appellee,

versus

ARTURO GUITIERREZ-TOVAR,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-987-1
--------------------

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

     Arturo Gutierrez-Tovar (Gutierrez) appeals his guilty plea

conviction for illegally reentering the United States after

having been convicted of an aggravated felony and deported.  As

Gutierrez acknowledges, his challenge to the district court's

eight-level sentence enhancement pursuant to U.S.S.G.

§ 2L1.2(b)(1)(C) is foreclosed by circuit precedent.  See United

States v. Hinojosa-Lopez, 130 F.3d 691, 693-94 (5th Cir. 1997);

see also United States v. Rivera, 265 F.3d 310, 312-13 (5th Cir.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2001). Gutierrez cites no authority affecting the binding precedential value of <u>Rivera</u> and <u>Hinojosa-Lopez.</u>

Gutierrez also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Gutierrez's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Gutierrez contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Gutierrez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.